UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK (BROOKLYN)

UNITED STATES OF AMERICA,

                    Plaintiff,

v.

FREDERICK MCCOY,

                Defendant.

Case No. 1:18-cr-00092-WFK

Brooklyn, New York
March 8, 2018
2:50 p.m.

TRANSCRIPT OF ARRAIGNMENT HEARING
BEFORE THE HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | Keith D. Edelman, Esq.<br>Andrey Spektor<br>U.S. Attorney's Office<br>271 Cadman Plaza East<br>Brooklyn, NY 11201 |
| For the Defendant: | Robert A Walters, Esq.<br>Law Office of Rogert A. Walters CC<br>1825 Park Avenue<br>Suite 1102<br>New York, NY 10035 |
| For the Defendant: | Jeffrey G. Pittell, Esq.<br>Maher & Pittell, LLP<br>42-40 Bell Blvd.<br>Suite 302<br>Bayside, NY 11361 |
| Clerk: | Full Name |
| Court Recorder: | Electronic Sound Recording |

Transcription Service:              Chris Hwang
                                    Abba Reporting
                                    PO Box 223282
                                    Chantilly, Virginia  20153
                                    (518) 302-6772

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

(Call to order at 2:50 p.m.)

THE CLERK:  Okay, this is a criminal cause for arraignment on the indictment, USA v. Frederick McCoy, case number 18-CR-92.

Counsel, your name for the record, starting with the Government?

MR. EDELMAN:  Good afternoon, Your Honor, Keith Edelman and Andrey Spektor for the United States.

THE COURT:  Good afternoon.

MR. WALTERS:  Likewise good afternoon, Your Honor. Top of the afternoon to you.  Bob Walters like Barbara Walters appearing for Mr. Frederick McCoy.

THE COURT:  Good afternoon.

MR. PITTELL:  Good afternoon, Your Honor, Jeffrey Pittell.  I'm appearing as counsel for Mr. McCoy on a Curcio issue, which I'll expect get addressed.

THE COURT:  Okay.

MR. PITTELL:  -- when we appear before Judge Kuntz and later this month.

MR. EDELMAN:  I can --

THE COURT:   Sure.

MR. EDELMAN:  -- explain a little more now or we can go through the arraignment and I can explain a little more after that?

THE COURT:  Is there any reason not to do the

arraignment first and then --

MR. EDELMAN:  I don't believe so.

THE COURT:  Why don't we do that first then?  All right, good afternoon, sir.

THE DEFENDANT:  Good afternoon, sir.

THE COURT:  Could you say your name for the record, please?

THE DEFENDANT:  Frederick McCoy.

THE COURT:  All right, Mr. McCoy, do you understand that you're here because the grand jury has indicted you on criminal charges?

THE DEFENDANT:  Yes.

THE COURT:  Have you had a chance to discuss the charges with your lawyer?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand them?

THE DEFENDANT:  Yes.

THE COURT:  Would you like me to read them publicly or are you satisfied that you understand?

THE DEFENDANT:  I'm satisfied.

THE COURT:  Okay, counsel, are you satisfied your client understands his rights and the charges against him?

MR. WALTERS:  I am, Your Honor.  In a theoretical and academic sense, he does understand, absolutely.

THE COURT:  How about an actual sense?

MR. WALTERS:  In an actual sense, he knows what the charges are, Your Honor.

THE COURT:  Okay.  Do I need to pursue that?

MR. WALTERS:  No, I shall with the client, Your Honor.  I've received the papers.  We've spoke about it briefly.  Any details, I will work out with him in terms of his understanding.

THE COURT:  Okay.

MR. WALTERS:  Uh-huh.

THE COURT:  But he understands -- I mean, there's there are a number of charges here.  He understands that he's named in a number of charges?

MR. WALTERS:  Yes, Your Honor.

THE COURT:  Okay.  And would you like me to read them publicly?

MR. WALTERS:  No, Your Honor.

THE COURT:  And how does he plead?

MR. WALTERS:  Not guilty.

THE COURT:  Okay.  Mr. Edelman?

MR. EDELMAN:  So just to address the issue of Mr. Walters, I understand Mr. Walters has been retained by Mr. McCoy.  The Government just wants to go on record at the earliest possible stage of noting a significant conflict if not an unwaivable conflict that I don't need to get into the specifics now.

We'll set this forth in a letter to Judge Kuntz. And I expect we'll address with him as to whether Curcio counsel can just remain on in standby fashion or if there has to be a replacement and a disqualification of Mr. Walters.

So nothing -- I don't think anything to do today, but I wanted to go on record putting that out there as Mr. Walters may not be able to remain on the case.

THE COURT: Anything to add on the Defense side?

MR. WALTERS: No, Your Honor, other than the fact that I represented and Ms. Hardy (phonetic) who received a grand jury subpoena. And I represented her for a couple hours, so that she would have some representation in dealing with the Government during their grand jury proceedings.

I wrote a letter to my adversary telling them that I've withdrawn from representation of her. My representation of her was oral. It was short duration, et cetera. And I guess we could deal with that in front of the presiding judge down the road after the people make their position clear.

THE COURT: Okay. Anything else?

MR. WALTERS: No, I'll advise him of his rights and make sure he understands what the issue is by the time we appear before Judge Kuntz.

THE COURT: Okay, Mr. McCoy, do you have any questions or are you satisfied to wait at this point?

THE DEFENDANT: Satisfied, sure.

THE COURT:  And you do understand fully the charges against you?

THE DEFENDANT:  Yes.

THE COURT:  Okay.

MR. EDELMAN:  If I may just briefly, Your Honor, just to supplement?  I'm not going to obviously comment on the conduct of the grand jury, but I think there's just multiple things that need to be fleshed out with in front of Judge Kuntz, not necessarily just one.

THE COURT:  Uh-huh.

MR. EDELMAN:  And the other point is obviously also because this is a death penalty eligible case, there also will have to be appointment of learned counsel to assist Mr. McCoy.

And so, I understand no one is available today, but we will make sure there's one available while the possibility of the death penalty is still on the table.

THE COURT:  All right.  I see that there's an application to extend time?

MR. EDELMAN:  Yes, Your Honor.

MR. WALTERS:  That's correct, Your Honor.

THE COURT:  All right, and so the application is to extend time from today, the 8th of March through the 28th of March.  Do you understand that you have a right to a speedy trial, Mr. McCoy?

THE DEFENDANT:  Yes, sir.

THE COURT:  And so that means that from the time that you're arraigned on the indictment, which is now, the Government has 70 days to bring your case to trial.  And what you're agreeing to here, I believe, is to start the 70-day period on March 28th instead of today to give additional time to discuss perhaps a plea or something else with the Government.  Is that your wish?

THE DEFENDANT:  Yes.

THE COURT:  Are you making this decision voluntarily?

THE DEFENDANT:  Yes, I am, sir.

THE COURT:  Has anybody forced you or threatened you?

THE DEFENDANT:  No, sir.

THE COURT:  Do you have any questions about what you're doing?

THE DEFENDANT:  No, sir.

THE COURT:  Okay.

MR. WALTERS:  Just one other thing, Your Honor.  I have her -- I'm in possession of a letter that is sent to the Court addressing the matter of bail.  At this time, I'm going to reserve what would ordinarily be my bail request --

THE COURT:  Okay.

MR. WALTERS:  -- for subsequent dates while I explore all of our options.

THE COURT:  Okay, so I'll be issuing a detention order at this time with permission to come back to Court

whenever you're ready to be heard on bail.

MR. WALTERS:  Thank you, Your Honor.

MR. EDELMAN:  And Your Honor, just so the record's clear for the reasons set forth in our detention memo, which is a letter dated today, the Government is seeking detention against Mr. McCoy, given the serious nature of the charges including a murder, as well as his significant prior criminal history.  So we're seeking detention under both dangerousness and risk of flight.

THE COURT:  Right.  And I assume the letter's a part of the record in this case?

MR. EDELMAN:  It was emailed to the magistrate clerks and will be.  I just wasn't able to upload it online given --

THE COURT:  Okay.

THE CLERK:  Oh, I made sure he gets a copy of it.

THE COURT:  All right, because I have a copy here.

MR. EDELMAN:  Great.  Yes, that's the same letter.

THE CLERK:  Okay.

THE COURT:  There you go.

THE CLERK:  Thank you.

THE COURT:  Okay, anything else from the Government?

MR. EDELMAN:  Your Honor, I'll just note that as to John Doe number 1, who's identified in the -- or described in the indictment, proper victim notification as to him has been made.

THE COURT:  Okay.

MR. EDELMAN:  I'm sorry, the last point, Your Honor, is that during the course of Mr. McCoy's arrest, no property was taken from him.  Everything has since been returned to his attorney, so I just want that confirmed so that there is no allegations of any property taken by the FBI.

MR. WALTERS:  I did surrender Mr. McCoy.  Property -- some property was returned.  Some property I guess I do have all of it.

I was a little concerned with the FBI agents calling an intrusion into Mr. McCoy's phone book a search incident to arrest.  I did note that a number of phone numbers were written by those agents.  Whether it is a breach of Mr. McCoy's privacy at this stage, I'm not quite sure, but that issue is still open in my mind.

THE COURT:  All right, so you made a note of it on the record and you'll pursue it --

MR. WALTERS:  Indeed Your Honor.

THE COURT:  -- if you believe it appropriate.

MR. EDELMAN:  I just want to be clear though that no one is -- no one will down the road say that the FBI held on to certain property that anything was seized because nothing was seized.  Everything has been returned.  So I just ask that Mr. Walters confirm that.

MR. WALTERS:  Other than noted.

THE COURT:  Okay.

MR. EDELMAN:  Okay.

THE COURT:  All right, thank you.

MR. EDELMAN:  Thank you, Your Honor.

MR. WALTERS:  Thank you, Your Honor.  Have a wonderful evening everyone.  Thank you I'll see you downstairs.

(Proceedings concluded at 2:59 p.m.)

**CERTIFICATE**

I, Chris Hwang, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

_____          May 11, 2023

Chris Hwang                      Date

Court Reporter